# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| MANUEL ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HERITAGE PROPERTY & CASUALTY COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [29] PLAINTIFF'S MOTION TO DISMISS THE SECOND AND THIRD CAUSES OF ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:21-cv-00731-DBB<br><br>District Judge David Barlow<br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion to Dismiss the Second and Third Causes of Action Without Prejudice.[1] Plaintiff Manual Alvarez seeks to "voluntarily dismiss the second and third causes of action of this matter without prejudice."[2] Defendant United Heritage Property & Casualty Company ("United Heritage") is opposed to the dismissal without prejudice.[3] Having reviewed the parties' briefs and relevant case law, the court concludes that the motion can be resolved without oral argument.[4]

On December 15, 2021, United Heritage removed this action to this court.[5] On December 23, 2021, Mr. Alvarez filed the operative Amended Complaint.[6] The Amended Complaint labels sections of the allegations as "First Cause of Action" and "Second Cause of Action."[7] It alleges Mr. Alvarez was involved in a car crash on April 19, 2018,[8] that the other driver's insurer paid

---

[1] Mot. to Dismiss, ECF No. 29, filed Dec. 5, 2022.
[2] *Id.*
[3] Opp'n, ECF No. 32, filed Dec. 16, 2022.
[4] *See* DUCivR 7-1(g).
[5] ECF No. 1, filed Dec. 15, 2021.
[6] Am. Compl., ECF No. 14.
[7] *Id.* at 2, 5.
[8] *Id.* at ¶ 6–7.

1

him its liability policy limit of $50,000,[9] that he asserted an underinsured motorist claim through his policy with United Heritage,[10] and that United Heritage refused to pay its policy limit to Mr. Alvarez.[11] The complaint identifies its causes of action as breach of contract and breach of the implied covenant of good faith and fair dealing.[12]

United Heritage filed its Answer on December 28, 2021.[13] Magistrate Judge Daphne Oberg entered a scheduling order shortly thereafter, setting the close of fact discovery for November 15, 2022.[14] On December 5, 2022, Mr. Alvarez filed the present motion to dismiss.[15] The motion, consisting of one sentence and no attached memorandum, moves to "voluntarily dismiss the second and third causes of action in this matter without prejudice."[16] United Heritage filed its response in opposition, objecting to the motion's request to dismiss the causes of action without prejudice and to the motion's lack of clarity—United Heritage was confused as to which causes of action Mr. Alvarez was referring, as the complaint labels two causes of action, not three.[17] Mr. Alvarez replied, clarifying that the Amended Complaint "involves a breach of contract claim for failure to pay underinsured motorist coverage. In addition, the complaint makes a claim for extracontractual damages. Plaintiff wants to proceed with the uninsured motorist claim but wishes to voluntarily dismiss the claims for extra-contractual damages and insurance bad faith."[18] Mr. Alvarez argued that because "[t]he parties have essentially ignored the extra-contractual claims," they should be dismissed without prejudice.[19] He cited Federal

---

[9] *Id.* at ¶ 15.
[10] *Id.* at ¶ 16.
[11] *Id.* at ¶ 17.
[12] *Id.* at ¶¶ 22–23, 26.
[13] ECF No. 15.
[14] Scheduling Order, ECF No. 22 at 2, entered Jan. 13, 2022.
[15] Mot. to Dismiss, ECF No. 29.
[16] *Id.* at 1.
[17] Opp'n 1–2.
[18] Reply 1, ECF No. 33.
[19] *Id.* at 2.

Rule of Civil Procedure 41 as grounds for his request.[20] The court then granted United Heritage leave to file an additional response. United Heritage argued that dismissing the claims would prejudice it because it expended resources conducting discovery on those claims.[21]

Federal Rule of Civil Procedure 41 is titled "Dismissal of Actions." It provides that a plaintiff can voluntarily dismiss *an action* without a court order either by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or a stipulation of dismissal signed by all parties who have appeared.[22] "That rule speaks to dismissal of an action, not just a claim within an action."[23] There is no authority "to support [the] contention that Rule 41(a) applies to dismissal of less than all claims in an action."[24] Hence, Rule 41(a) does not apply where a plaintiff seeks only to dismiss certain claims.

In conclusion, Federal Rule of Civil Procedure 41(a) does not authorize the relief Mr. Alvarez seeks in his motion. Accordingly, the court denies the motion.

## ORDER

IT IS HEREBY ORDERED that Mr. Alvarez's Motion to Dismiss the Second and Third Causes of Action Without Prejudice[25] is DENIED without prejudice.

Signed May 1, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[20] *Id.*
[21] ECF No. 38 at 2–3.
[22] Fed. R. Civ. P. 41(a)(1)(A).
[23] *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996).
[24] *Id.*
[25] ECF No. 29.