IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MANUEL ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HERITAGE INSURANCE,<br><br>Defendant. | REPORT & RECOMMENDATION[1]<br><br>Case No. 2:21-cv-00731<br><br>United States District Court Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

## REPORT

On October 29, 2021, Plaintiff Manuel Alvarez filed this action against Defendant United Heritage Insurance and Defendant removed the case to federal court.[2]

On February 17, 2023, Plaintiff's attorneys were granted leave to withdraw and Plaintiff was ordered to obtain new counsel or file a notice of *pro se* appearance within twenty-one (21) days from the date the order was issued.[3] The order specifically warned Plaintiff that his failure to timely do so could subject him to sanctions, "including but not limited to dismissal or default judgment."[4] Plaintiff failed to timely obtain new counsel or file a notice of *pro se* appearance and on May 18, 2023, the court issued an Order to Show Cause.[5] The Order to Show Cause required Plaintiff, no later than June 1, 2023, to submit a filing that showed cause as to "why his

---

[1] This case is before Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge David Barlow. ECF No. 21, Order of Reference.

[2] ECF No. 4-4, Complaint; ECF No. 2, Notice of Removal.

[3] ECF No. 43, Ruling & Order. The court directed the Clerk's Office to mail and email a copy of the Ruling & Order to Plaintiff at the addresses provided on the court docket.

[4] *Id.; see also,* Fed. R. Civ. P. 16(f)(1).

[5] ECF No. 46, Order to Show Cause.

1

claims should not be dismissed for failure to comply with the court's orders and for failure to prosecute."[6] As of this date, Plaintiff has not responded to the court's Order to Show Cause and the time within which to do so has expired.

## RECOMMENDATION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action, *sua sponte,* if "the plaintiff fails to prosecute or to comply with these rules or a court order."[7] Additionally, this court's local rules allow for the issuance of an order to show cause requiring plaintiff to explain why a case "should not be dismissed for lack of prosecution."[8] If good cause is not shown, the court may enter an order dismissing the case.[9]

Plaintiff has failed to respond in any way to the court's order to obtain new counsel or appear *pro se*, or the court's order to show cause as to why his case should not be dismissed for failure to prosecute. Indeed, since the court issued its February 17, 2023, order to obtain counsel, Plaintiff has not made any additional filings, responded to pending motions[10] or communicated with the court at all. Accordingly, because Plaintiff has failed to prosecute his case, comply with court orders or show good cause as to why his claims should not be dismissed, the court

---

[6] *Id.* The District Court Clerk's Office mailed and emailed a copy of the court's Order to Show Cause to Plaintiff to the addresses listed on the docket. See, May 18, 2023, Staff Note. An unrepresented party "must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes." DUCivR 83-1.7(b).

[7] Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

[8] DUCivR 41-2.

[9] *Id.*

[10] Additionally, Plaintiff has not responded to Defendant's pending motion for discovery and the time to do so has expired. ECF No. 45, Defendant's Motion for Discovery.

2

RECOMMENDS dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) and local practice rule DUCivR 41-2.[11]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[12] The parties must file an objection to this Report and Recommendation within fourteen (14) days after receiving it.[13] Failure to object may constitute a waiver of objections upon subsequent review.

DATED: July 6, 2023.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

---

[11] Fed. R. Civ. P. 41(b); DUCivR 41-2.

[12] *See* 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72(b).

[13] *Id.*

3